Case 4:11-cv-00532-BSM   Document 1   Filed 06/30/11   Page 1 of 13

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 30 2011

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

P. S. PRODUCTS, INC.,                                              PLAINTIFFS
BILLY PENNINGTON, Individually

v.                    No. CV-2011-_____   4:11-CV-0532 BSM

MINI GADGETS, INC.,                                                DEFENDANTS
MANOLIS KONTOPIDIS, Individually

This case assigned to District Judge Miller
and to Magistrate Judge Ray

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW the Plaintiff, P.S. Products, Inc., and Mr. Billy Pennington, hereafter "Plaintiffs," by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this Complaint against Defendants, Mini Gadgets, Inc., and Manolis Kontopidis, individually, hereafter "Defendants:"

### JURISDICTION AND VENUE

1.   This Court retains jurisdiction as patent infringement raises a federal question and is proper under 28 U.S.C. § 1331.

2.   Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of Arkansas because the actions which gave rise to the claims presented in this complaint occurred in Little Rock, Arkansas, within the Eastern District of Arkansas.

3.   Additionally, the Eastern District of Arkansas has personal jurisdiction of the Defendants. Defendants have maintained substantial, continuous and systematic contacts with the state of Arkansas through its business dealings with customers in Arkansas. Plaintiff and Defendant engaged in numerous business activities within the state of Arkansas including phone,

1

fax, e-mail, and mail communications. Furthermore, Defendant marketed its services and provided customer services to the state of Arkansas. *See* Ark. Code Ann. § 16-4-101 (1987); Ultimatics, Inc. v. Minimatic, Inc., 715 F. Supp. 1448 (E.D. Ark. 1989); and Ferrell v. W. Bend Mut. Ins. Co., 393 F.3d 786 (8th Cir. 2005).

4. Additionally, The Eastern District of California has personal jurisdiction of the Defendants because, among other things, Defendants are engaged in tortuous conduct within the state of Arkansas and in this District, including placing into commerce illegal copies of Plaintiffs' patented products via www.minigadgets.com and inducing third-parties to infringe upon the Plaintiffs' patented products.

## PARTIES RELEVANT TO
## PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

5. This action is brought by P.S. Products, Inc., and its president, Mr. Billy Pennington, manufacturers of stun guns and other personal security devices, organized within the state of Arkansas with its principal headquarters at 3120 Joshua Street, Little Rock, AR 72204.

6. The Defendant, Mini Gadgets, Inc., describes itself as "one of the largest suppliers of spy and surveillance equipment in the United States." The Defendant is a manufacture and importer of goods from China and sells the goods as retail and wholesale nationwide. Mini Gadgets, Inc., is a corporation organized and existing in the state of Georgia with business activities throughout the United States, on the World Wide Web and specifically in the state of Arkansas. The Defendant is headquartered at 562 Wylie Road, Suite 2, Marietta, GA 30067.

7. The Defendant, Mr. Manolis Kontopidis, is the president of Mini Gadgets, Inc.

8. Plaintiffs are informed and believe that at all times mentioned in this Complaint, each of the Defendants was the agent of each of the other Defendants and in doing the things averred in this Complaint, was within the course and scope of such agency.

## FACTS APPLICABLE TO CLAIMS IN PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

9. The Plaintiffs specialize in the manufacture and distribution of stun guns, stun devices, gun cleaning kits, and other personal protection devices.

10. The Plaintiffs market and sale its patented products through trade specialty shows, sales associates and through internet distribution throughout the United States.

11. The Defendant describes itself as "one of the largest suppliers of spy and surveillance equipment in the United States." The Defendant is a manufacturer and importer of goods from China and sells the goods as retail and wholesale nationwide.

12. The Defendants own and operate the website www.minigadgets.com.

13. On February 5, 2008, United States Letters Patent No. US D561, 294 S, were issued to the Plaintiffs for an invention for a Stun Gun.

14. The Plaintiffs owed the patent No. US D561, 294 S throughout the period of the Defendants infringing acts and still owns the patent.

15. The Plaintiffs' products are one of a kind.

16. The Plaintiffs' designs are its own intellectual property. No goods of this design existed prior to the Plaintiffs' designs and patents.

17. The Plaintiffs are the only holder of patents on products of this kind in the United States.

18. The Blast Knuckle Stun Gun is the Plaintiffs most sought after and sold product.

19. The Plaintiffs makes most of its revenue off of the patented Blast Knuckle® stun gun than any other item it sells.

20. The Plaintiffs have complied with the statutory requirement of placing a notice of the Letters of Patent on all Stun Guns.

21. On May 23, 2011 the Plaintiffs' attorney sent the Defendants a letter advising them that they were placing in the stream of commerce illegal copies of its patented stun gun.

22. On information and belief the Plaintiffs learned that the Defendants continue selling an illegal copy of the Plaintiffs' product.

23. The Defendants have continued to sell the illegal products on its websites.

24. The Defendants have sold and continue to sell on their websites illegal copies of the Plaintiffs' patents and contributes to third parties selling illegal copies of the Plaintiffs' patents on its websites.

25. 35 U.S.C. § 271 states in part,

> "(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer."

26. The Defendant's actions have violated 35 U.S.C. § 271.

27. With notice and cease and desist the Defendant's actions have violated 35 U.S.C. § 271.

28. The Defendants, intentionally, willfully, and wantonly violated 35 U.S.C. § 271.

29. The Defendants without authority placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

30. The Defendants without a licensed from the Plaintiffs placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

31. The Defendants have induced individuals and companies to infringe on the Plaintiffs' patented products.

32. A person with an internet connection may find the Defendants' illegal product on the websites, www.keysandmice.com, www.yourneighborhoodstore.com, www.toy4education.com, www.nulime.com, and www.elecnelec.com.

33. The Defendants' item number for the illegal product is "SG-1300 Duster."

34. The Defendants list the illegal product in its product catalog on page one.

35. The Defendants product catalog was mailed to customers in Arkansas.

36. On May 18, 2011, the Defendants placed an order and shipped one of the illegal products that embodies the Plaintiffs patent to Mr. Ken Smith with Arkansas Police Products located at 7105 West 7th Street, Pine Bluff, AR 71603.

37. The Defendants directly infringed on the Plaintiffs' patents by placing illegal products on websites it operates.

38. The Plaintiff has suffered lost of reasonable royalties and loss of profits by the Defendant's actions.

39. The Defendants have infringed and are still infringing the Letters of Patents Nos. US D561, 294 S by selling the Stun Guns that embody the patented invention and the Defendants will continue to do so unless enjoined by this Court.

40. The Plaintiffs have complied with the statutory requirements of placing notice and mailing notice of the Letters of Patent on all Stun Guns it manufactures and sells, and has given the Defendants written notice of the infringement.

## COUNT I
## PATENT INFRINGEMENT

41. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 40 of the Plaintiffs' Complaint, inclusive.

42. The Plaintiffs are the owners of patent No. US D561, 294 S.

43. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D561, 294 S.

44. Defendants directly infringed on the Plaintiffs' patented stun gun No. US D561, 294 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US D561, 294 S, entitled "*SG-1300 Duster*," on the website www.minigadgets.com, which the Defendants own and operate.

45. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

46. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, lost profits in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT II
## PATENT INFRINGEMENT

47. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 46 of the Plaintiffs' Complaint, inclusive.

48. The Plaintiffs are the owners of patent No. US D561, 294 S.

49. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D561, 294 S.

50. Defendants directly infringed on the Plaintiffs' patented stun gun No. US D561, 294 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US D561, 294 S, entitled "*SG-1300 Duster*," via its product catalog.

51. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

52. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, lost profits in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT III
## PATENT INFRINGEMENT

53. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 52 of the Plaintiffs' Complaint, inclusive.

54. The Plaintiffs are the owners of patent No. US D561, 294 S.

55. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D561, 294 S.

56. Defendants directly infringed on the Plaintiffs' patented stun gun No. US D561, 294 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US D561, 294 S, entitled "*SG-1300 Duster*," by selling and shipping the illegal products to Mr. Ken Smith with Arkansas Police Products located at 7105 West 7th Street, Pine Bluff, AR 71603.

57. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

58. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, lost profits in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT IV
## PATENT INFRINGEMENT

59. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58 of the Plaintiffs' Complaint, inclusive.

60. The Plaintiffs are the owners of patent No. US D561, 294 S.

61. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D561, 294 S.

62. Defendants directly infringed on the Plaintiffs' patented stun gun No. US D561, 294 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US D561, 294 S, entitled "*SG-1300 Duster*," on the website www.keysandmice.com.

63. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

64. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, lost profits in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT V
## PATENT INFRINGEMENT

65. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 64 of the Plaintiffs' Complaint, inclusive.

66. The Plaintiffs are the owners of patent No. US D561, 294 S.

67. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D561, 294 S.

68. Defendants directly infringed on the Plaintiffs' patented stun gun No. US D561, 294 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US D561, 294 S, entitled "*SG-1300 Duster*," on the website www.yourneighborhoodstore.com.

69. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

70. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, lost profits in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT VI
## PATENT INFRINGEMENT

71. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 70 of the Plaintiffs' Complaint, inclusive.

72. The Plaintiffs are the owners of patent No. US D561, 294 S.

73. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D561, 294 S.

74. Defendants directly infringed on the Plaintiffs' patented stun gun No. US D561, 294 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US D561, 294 S, entitled "*SG-1300 Duster*," on the website www.toy4education.com.

75. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

76. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, lost profits in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT VII
## PATENT INFRINGEMENT

77. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 76 of the Plaintiffs' Complaint, inclusive.

78. The Plaintiffs are the owners of patent No. US D561, 294 S.

79. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D561, 294 S.

80. Defendants directly infringed on the Plaintiffs' patented stun gun No. US D561, 294 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US D561, 294 S, entitled "*SG-1300 Duster*," on the website www.nulime.com.

81. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

82. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, lost profits in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT VIII
## PATENT INFRINGEMENT

83. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 82 of the Plaintiffs' Complaint, inclusive.

84. The Plaintiffs are the owners of patent No. US D561, 294 S.

85. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D561, 294 S.

86. Defendants directly infringed on the Plaintiffs' patented stun gun No. US D561, 294 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US D561, 294 S, entitled "*SG-1300 Duster*," on the website www.elecnelec.com.

87. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

88. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be

proven at trial, lost profits in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

Therefore, the Plaintiffs demand:

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them jointly and severally, as follows:

A. Judgment against the Defendants declaring that the Defendants' actions directly infringe on the Defendants' patents Nos. US D561, 294 S;

B. Defendants' reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

C. Defendants' lost profits with respect to each patent infringement in amounts to be proven at trial;

D. Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Counter-Defendant's willful infringement;

E. A declaration that the Plaintiffs' case against the Defendants is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

F. An award of costs and attorneys' fee to the Defendants; and,

G. Such other relief as the Court deems just and reasonable.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

Dated: June 30, 2011

                                              STEWART LAW FIRM

                                              By: Chris H. Stewart
                                              Ark. Bar No. 03-222
                                              Attorney for Plaintiff
                                              904 Garland Street
                                              Little Rock, AR 72201
                                              Phone: 501-353-1364
                                              Fax:   501-353-1263
                                              Email: arklaw@sbcglobal.net